UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD and NYDIA GREGORY,<br><br>    Plaintiffs,<br><br>    v.<br><br>TCF BANK; DAVID COHEN AND ASSOCIATES; LEONARD LAPPE; LOUIS E. BOTOSKE; LISA R. CURCIO; THOMAS R. MULROY, JR.; JOHN C. GRIFFIN; COOK COUNTY COURT; and CLERK OF THE COURT DOROTHY BROWN;<br><br>    Defendants. | No. 09 C 5243<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

**I. BACKGROUND**

In August 2008, Defendant TCF Bank ("TCF"), through its attorney Defendant David Cohen and Associates ("DCA"), filed in the Circuit Court of Cook County a Complaint to Foreclose Mortgage against Plaintiffs Richard and Nydia Gregory (the "Gregorys"). On December 10, 2008, after two previous attempts, service of process on the Gregorys was effectuated by Leonard Lappe ("Lappe"), a private process server,[1] appointed by Judge Clifford Meacham of the Circuit Court of Cook County. Under Illinois law, in counties with a population of more than 1,000,000, process is typically served by the sheriff. 735 ILL. COMP. STAT. 5/2-202(a). However, "[t]he court may, in its discretion upon motion, order service to be made by a private person over 18 years of age and to a party to the action." On June 22, 2007, Presiding

---

[1] It is this service that the Gregorys claim that service was improper.

Judge Dorothy Kinnard implemented General Administrative Order No. 2007-03 ("GAO 2007-03"), a standing order for the appointment of special process servers in mortgage foreclosure cases. According to Defendants, this general order alleviates the need for separate motions for the appointment of a special process server in each mortgage foreclosure case and results in greater efficiency and a preservation of resources. Judge Meacham's appointment of the private process server was made pursuant to GAO 2007-03.

Plaintiffs have not answered the foreclosure complaint, but instead filed several motions attacking service. On May 7, 2009, after an evidentiary hearing, Defendant Judge Thomas Mulroy of the Circuit Court of Cook County denied the motion to quash, and found that the process server was properly appointed and that the Gregorys were properly served.

On August 26, 2009, the Gregorys, acting *pro se*, filed a complaint in federal court against TCF, DCA, Lappe, Louis Botoske,[2] the Court of Cook County,[3] Clerk of the Circuit Court of Cook County Dorothy Brown,[4] Judge Mulroy, and Judges Lisa Curcio and John Griffin.[5]

---

[2] Louis Botoske is the notary public who notarized Lappe's affidavit with regard to service of Gregorys, an affidavit that Plaintiffs allege is falsified.

[3] Because the Circuit Court of Cook County is part of the Illinois State Court system, claims against it are considered to be claims against the State, and are thus barred by the Eleventh Amendment. *See Drury v. McLean County*, 433 N.E.2d 666, 669 (Ill. 1982); *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992).

[4] In her Motion to Dismiss, Dorothy Brown notes that she was not identified as a party in the complaint, but was served with process. To further the confusion, Plaintiffs in their complaint seek relief from the "county clerks [sic] office." For the purposes of this motion, I assume based on the allegations in the complaint, that Plaintiffs intended to sue Dorothy Brown, the Clerk of the Circuit Court, and not David Orr, the Cook County Clerk.

[5] The complaint makes no specific allegations as to Judges Curcio and Griffin.

Plaintiffs challenge the Circuit Court of Cook County's subject matter and personal jurisdiction in the mortgage foreclosure case. Specifically, Plaintiffs dispute the validity of GAO 2007-03, claiming that it "fails to meet rule 83(a) of the Federal Rules of Procedure [sic]," that it is inconsistent with 735 Ill. Comp. Stat. 5/2-202(a), and that it is unconstitutional. Plaintiffs further contend that Defendants are involved in a conspiracy in violation of 42 U.S.C. § 1985, that the Defendant Judges are "legislating from the bench, and blatantly disregarding the law. As a result of GAO 2007-03, Plaintiffs appear to be alleging due process and equal protection violations brought pursuant to 42 U.S.C. § 1983. Plaintiffs are seeking a declaration that GAO 2007-03 is unconstitutional, statutory damages in the amount of $400,000 from each Defendant, sanctions against the Defendant Judges and Clerk of Court, $100,000,000 in damages, and the trebling of those damages. Dorothy Brown, TCF, DCA, and Judges Mulroy, Curcio, and Griffin (collectively "Defendants") now move to dismiss the complaint against them.

## II. STANDARD OF REVIEW

A Motion to Dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998). I must take all facts alleged in Plaintiffs' complaint as true and draw all reasonable inferences from those facts in favor of Plaintiffs. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir.1992). Plaintiffs, for their part, must do more than solely recite the elements for a violation; they must plead with sufficient particularity so that their right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must plead their facts so that, when accepted as true, they show the plausibility of their claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiffs must do more than

3

plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of their entitlement to relief. *Id.* (internal quotations omitted).

**III. DISCUSSION**

Defendants raise several grounds in support of their Motions to Dismiss. Defendants Dorothy Brown, TCF, and DCA, argue that Plaintiffs' complaint fails to meet Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "The purpose behind Rule 8 is to ensure that both the defendant and the court have fair notice of the claims alleged." *Easley v. Verizon Wireless*, 03 C 2969, 2004 WL 2005819, at * 2 (N.D. Ill. Aug. 25, 2004). Defendants acknowledge that *pro se* complaints must be liberally construed and held to a less stringent standard than a complaint prepared by counsel. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). However, even when viewed leniently, Defendants argue, Plaintiffs' complaint fails to satisfy Rule 8. According to these defendants, Plaintiffs' allegations "are bare factual and legal conclusions directed at all 'Defendants,'" and fail to give proper notice of what actions each of the Defendants is alleged to have committed against Plaintiffs. As to Dorothy Brown, the complaint alleges that the Clerk's website does not contain GAO 2007-03, and that the order cannot be obtained from the Clerk's office without hostility. It is difficult to see how or where TCF and its counsel DCA fit into Plaintiffs' allegations of constitutional violations, and Plaintiffs make no specific allegations against Judges Curcio and Griffin. Construing the complaint in Plaintiffs' favor, it appears that aside from the few specific allegations made against the individual Defendants, Plaintiffs are alleging a conspiracy between several or all Defendants. Plaintiffs themselves are often inconsistent in their allegations, alleging for instance that "the courts and attorneys" are engaged

in a conspiracy, and later that "[a]ll parties involved in effectuating and enforcing" GAO 2007-03 are conspiring together. Notwithstanding that the complaint can also be read as alleging all of the counts against all Defendants, throughout the complaint, Defendants are "lumped" together, and it is difficult to ascertain which actions Plaintiffs are ascribing to each of the defendants. Even assuming that Plaintiffs' complaint has satisfied the purpose of Rule 8, it should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. To begin, Plaintiffs fail to provide facts to support their allegations of civil conspiracy under 42 U.S.C. 1985(3). "To establish a claim for civil conspiracy under § 1985(3), a plaintiff must demonstrate (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of a conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002). "The function of § 1985(3) is to permit recovery from a private actor who has conspired with state actors." *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). Presumably, the Gregorys are alleging a conspiracy between one or more of the Defendant Judges and/or Dorothy Brown, and one or more of the private actor defendants. One portion of the complaint alleges a "de facto" conspiracy between "the courts and the attorneys for the purpose of depriving the citizens of this county a fair chance at proper service by the sheriff first then by process server under court supervision to prevent questionable service as dictated by law." Another claims that

> [a]ll parties involved in effectuating and enforcing the special standing order 2007-03 are involved in a civil conspiracy and are de facto representatives of a scheme and artifice to defraud as the benefits in the long run are monetary and deprive citizens inclusive of the Gregory's [sic] of their equity and property for

5

> the enrichment of all those who conspire behind closed doors to connive and scheme through special court orders.

But the allegations provide little factual enhancement to render the allegations plausible. *See Iqbal*, 129 S.Ct. at 1949.[6]

Furthermore, Plaintiffs have not alleged the deprivation of a property interest. The foreclosure case against the Gregorys is still pending and they have not been deprived of any property. In their response, the Gregorys maintain that TCF's unsuccessful attempt to seek a default judgment in the foreclosure proceeding reveals its intent to deprive the Gregorys of their property rights, notwithstanding the alleged lack of jurisdiction. But claims of procedural due process require the deprivation of a property interest, not the attempt to deprive. Therefore, Plaintiffs' § 1985(3) conspiracy claims must be dismissed.

Plaintiffs' allegations of a due process violation also fall short. "To demonstrate a procedural due process violation, the plaintiffs must establish that there is (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." *Hudson v. City of Chicago*, 374 F.3d 554, 559 (7th Cir. 2004) (quotations and citation omitted). First, as discussed *supra*, Plaintiffs have failed to allege a deprivation of a property interest. Second, Plaintiffs have not alleged a denial of due process, as a violation of state law or procedure is not a violation of due process where Plaintiffs had notice and an opportunity to be

---

[6] Plaintiffs read *Iqbal* to hold "that *Twombly* 's 'flexible plausibility standard obliging a pleader to amplify a claim with factual allegations where necessary to render it plausible was inapplicable in the context of petitioners' appeal," and argue that it is similarly inapplicable here. But Plaintiffs misread *Iqbal*, quoting from the portion of the syllabus that summarizes the Second Circuit's holding in *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007), which was reversed by the Supreme Court.

heard. *Hickey v O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002); *see Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) ("the root requirement of the Due Process Clause [is] that an individual be given an opportunity for a hearing before he is deprived of any significant property interest.") (quotations and citations omitted).

Plaintiffs' equal protection claim is similarly deficient. To state such a claim, Plaintiffs must allege that they were (1) members of a protected class; and (2) treated differently from similarly situated, unprotected class members. *Chavez v. Ill. State Police*, 251 F.3d 612, 645 (7th Cir.2001); *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 513 (7th Cir.1993). Equal protection claims involving denial of a fundamental right or disparate treatment of persons depending on the claimant's suspect classification are examined under stricter scrutiny, while claims based on other rights or classifications are examined under the more deferential rational basis test. *McDorman v. Smith*, No. 05 C 0448, 2005 WL 1869683, at *4 (N.D. Ill. Aug. 2, 2005). Plaintiffs claim they are members of a class of Americans against whom foreclosure proceedings are pending. But they make no mention of how they were treated differently from similarly situated people whose homes are not in foreclosure. It is possible to infer the Gregorys to be claiming that 735 Ill. Comp. Stat. 5/2-202(a) is being applied differently, via GAO 2007-03, to people facing foreclosure, however, it is difficult to see how people not in foreclosure can be seen as similarly situated here. Things which are "different in fact or opinion" need not be treated equally under the law. A classification will be upheld where it bears "some fair relationship to a legitimate public purpose." *Plyler v. Doe*, 457 U.S. 202, 216 (1982). The purpose of the order on its face is to increase efficiency and conserve resources in the face of an estimated doubling in the amount of foreclosure cases. Plaintiffs make no allegations as to how

7

they might be similarly situated to homeowners currently not in foreclosure. Moreover, the Gregorys provide no factual allegations that suggest that the implementation of GAO 2007-03 was somehow arbitrary or unrelated to a legitimate state interest.[7] For these reasons, Plaintiffs § 1983 claims must be dismissed.

Finally, Plaintiffs' claims against Judge Mulroy and Dorothy Brown also fail because these defendants are entitled to immunity. A state judge is entitled to immunity from damages suits for judicial acts, even where "the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Here, Plaintiffs contend essentially that they were never properly served, and that as a result, Judge Mulroy acted outside of his jurisdiction.[8] However, where a judge's immunity is at issue, "the scope of the judge's jurisdiction must be construed broadly[.]" *Id.* at 356. Service was effectuated on the Gregorys pursuant to GAO 2007-03, an order entered by Presiding Judge Dorothy Kinnaird. Judge Mulroy's determination that service of process was proper is a judicial function. Despite Plaintiffs' contention that GAO 2007-03 is unconstitutional and that personal jurisdiction over Plaintiffs was never established, it cannot be said that Judge Mulroy labored

---

[7] I am assuming that the rational basis test applies here since Plaintiffs are not alleging membership in a suspect class (e.g., race, gender), nor is the State's adherence to the procedures outlined in section 5/2-202(a) a fundamental right.

[8] Plaintiffs also contend that Defendant Judges have violated the Constitution and engaged in "criminal activity," and that the Circuit Court of Cook County is a criminal enterprise. However, since I have found that Plaintiffs have failed to properly allege due process and equal protection claims, and since Plaintiffs make no allegations as to what crimes Defendant Judges committed, I see no need to address these arguments.

under "a clear absence of all jurisdiction" as would be required to subject him to liability.[9] *Id.* at 356-57. To the extent that the Gregorys are seeking injunctive and declaratory relief against Judge Mulroy, these claims must also be dismissed. Plaintiffs make no allegations that a declaratory decree was violated, nor is declaratory relief appropriate where there is no actionable case. 42 U.S.C. § 1983; *see Hansen v. Ahlgrimm*, 520 F.2d 768, 769 (7th Cir. 1975) ("The granting of declaratory relief [ ] is discretionary and is clearly precluded in the absence of any actionable live case or controversy.") (citations omitted).

Clerk of the Circuit Court, Dorothy Brown, is also immune from suit in this case. The Supreme Court of Illinois has held that "the clerk of the circuit court is a nonjudicial member of the judicial branch of State government and not a county officer." *Drury*, 433 N.E.2d at 669. Defendant Brown argues that she is immune from suit against her in her official capacity. Drawing all reasonable inferences in Plaintiffs' favor, I must assume that they are suing Dorothy Brown in her personal capacity, since "an official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment[.]" *Scott*, 975 F.2d at 369. When sued in their personal capacities, state court clerks enjoy absolute immunity for "nonroutine, discretionary acts akin to those performed by judges," and qualified immunity, when the law with regard to the conduct complained of is "not so clearly established that [s]he should have known that it was unconstitutional conduct[.]" *Lowe v. Letsinger*, 772 F.2d 308, 313 (7th Cir. 1985). Plaintiffs complain that the Clerk's website does not contain GAO 2007-03, and

---

[9] As to Judges Curcio and Griffin, Plaintiffs allege no specific allegations against them, only more general conspiracy claims. Because I have found these claims to be improperly pled, I need not address these Judges' entitlement to immunity.

9

that the order cannot be obtained from the Clerk's office without hostility. Neither of these acts is unconstitutional. Therefore, Dorothy Brown is entitled to qualified immunity, and the claims against her must be dismissed.[10]

## IV. CONCLUSION

For the foregoing reasons, the motions to dismiss of Defendants Brown, TCF, DCA, and Judges Mulroy, Curcio and Griffin are granted.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: December 10, 2009

---

[10] "To overcome a defense of qualified immunity, the plaintiff must first allege the deprivation of an actual constitutional right, and second, show that the right was clearly established at the time of the alleged violation." *Alvarado v. Litscher*, 267 F.3d 648, 652 (7th Cir. 2001). Here, Plaintiffs have failed to allege the deprivation of a constitutional right, therefore dismissal on the ground of qualified immunity is appropriate. Even assuming that dismissal on this ground is inappropriate at the motion to dismiss stage, Plaintiffs failure to properly allege §§ 1983 and 1985(3) claims are alternative grounds for dismissal of claims against Defendant Dorothy Brown.